OPINION
{¶ 1} Plaintiffs-appellants Bobby and Frieda Hagans appeal from a summary judgment rendered against them on their negligence complaint against defendant-appellee Sherman McKee. The Haganses contend that there is a genuine issue of material fact, precluding summary judgment. We agree. Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings.
 I {¶ 2} McKee asked his friend, Bobby Hagans, to fix a hole in a soffit on the roof of his house. Hagans agreed to do so. McKee prepared a scaffolding, or platform, over the roof of his carport, that would give Hagans access to the roof of his house.
 {¶ 3} Hagans ascended to the platform, received a ladder and tools from McKee, and then mounted the ladder to perform the repairs. After completing the repairs in about thirty minutes, Hagans climbed back down the ladder, and began handing the tools to McKee. Before handing McKee the thirty-pound aluminum ladder, Hagans recalled McKee saying, "I have put the board there so that you can step on this board." According to Hagans, the board McKee was referring to had not been there when Hagans first went up on the roof of the carport. Before Hagans stepped on that piece of wood, he had not had an opportunity to examine it. There is evidence in the record from which one can reasonably infer that the board Hagans stepped on was three-fourths of an inch thick. While Hagans, who weighed 212 pounds, stood on the board holding the ladder, which weighed 30 pounds, the board broke. Hagans fell through the fiberglass roof of the carport, hitting the concrete surface below, and was injured. Hagans brought this action against McKee for negligence. McKee moved for summary judgment. The trial court granted McKee's motion, and rendered summary judgment in his favor. From that judgment, Hagans appeals.
 II {¶ 4} Hagans asserts the following four assignments of error:
 {¶ 5} "The Trial Court Erred By Granting The Defendant's Motion For Summary Judgment Under Rule 56 Of The Ohio Rules Of Civil Procedure When Genuine Issues Of Material Fact Remain As To Whether Defendant Possesses The Actual Or Constructive Notice Required To Have Foreseen The Accident[.]
 {¶ 6} "The Trial Court Erred In Granting Defendant's Motion For Summary Judgment Under Rule 56 Of The Ohio Rules Of Civil Procedure When Genuine Issues Of Material Fact Remain As To Whether There Is Evidence To Suggest That The Defendant Had Knowledge Superior To The Plaintiff's Own Knowledge[.]
 {¶ 7} "The Trial Court Erred In Granting Defendant's Motion For Summary Judgment Under Rule 56 Of The Ohio Rules Of Civil Procedure When Genuine Issues Of Material Fact Remain As To Whether There Is Evidence To Suggest That The Defendant Owed A Duty To Protect Plaintiff As An Invitee From Conceivable Dangers That Plaintiff Might Face On The Defendant's Premises[.]
 {¶ 8} "The Trial Court Erred In Granting Defendant's Motion For Summary Judgment Under Rule 56 Of The Ohio Rules Of Civil Procedure When Genuine Issues Of Material Fact Remain As To Whether Ohio [sic] Safety Health Administration (OSHA) Regulations Of The U.S. Department Of Labor, Although Unenforceable Against The Defendant, Are Evidence Of The Unreasonableness Of The Defendant's Use Of The 3/4th Inch Trim Board As A Walk Board For Which Plaintiff To Traverse [sic] Atop A Second Story Roof Above The Concrete Floor Of Defendant's Car Port[.]"
 {¶ 9} All four assignments of error essentially contend that the trial court erred by rendering summary judgment, because there is a genuine issue of material fact.
 {¶ 10} A party responding to a motion for summary judgment is entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C). Summary judgment shall not be rendered unless it appears from the evidence that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C).
 {¶ 11} McKee contends that no evidence was presented of a defect in the board that broke, causing Hagans to fall. The trial court rendered summary judgment on that basis.
 {¶ 12} Hagans contends that the defect was the thickness of the board, 3/4 of an inch being insufficient to support Hagans and the ladder he was holding. In our view, this presents a jury question upon which reasonable minds might disagree. A reasonable jury might find that the board was defective for the purposes for which it was intended to be used, because it was not of sufficient thickness to support Hagans. A reasonable jury might also find that this fact would have been more apparent to McKee, who handled and placed the board, than it was to Hagans, who had not seen the board on his ascent, the board not yet having been placed, and who was not in a good position to observe the thickness of the board. A reasonable jury could find that McKee, having asked Hagans to repair the soffit, owed a duty of reasonable care, and that it was reasonably foreseeable that the board McKee placed for Hagans to step on, being only 3/4 of an inch thick, would break under Hagans' weight.
 {¶ 13} In the absence of any evidence that McKee, or a reasonable person in McKee's position, could be expected to be familiar with the regulations of the Occupational Safety and Health Administration of the United States Department of Labor pertaining to scaffolds, we agree with McKee that those regulations are immaterial. Nevertheless, a reasonable jury might conclude that, within ordinary common experience, it is reasonably foreseeable that a wooden board that is only 3/4 inch thick would not support a 212-pound individual carrying a 30-pound ladder.
 {¶ 14} Hagans' First, Second and Third Assignments of Error are sustained. His Fourth Assignment of Error is overruled.
 III {¶ 15} Hagans' First, Second and Third Assignments of Error having been sustained, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings.
WOLFF and YOUNG, JJ., concur.